UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rwayne Johnson,<br><br>                                     Petitioner,<br>v.<br>Department of Veterans Affairs,<br>                                     Respondent. | Case No.: 3:17-cv-00071-GPC-KSC<br><br>**ORDER:**<br><br>**1) DENYING PETITIONER'S REQUEST TO PROCEED IN FORMA PAUPERIS;**<br><br>**2) DISMISSING CIVIL ACTION FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii);**<br><br>**3) DENYING AS MOOT PETITIONER'S REQUEST FOR COURT-APPOINTED COUNSEL**<br><br>**AND**<br><br>**(4) GRANTING PETITIONER LEAVE TO AMEND WITHIN 45 DAYS**<br><br>**[ECF Nos. 2, 3.]** |

On January 12, 2017, Petitioner Rwayne Johnson ("Petitioner"), a state prisoner proceeding *pro se*,[1] initiated this action against the Department of Veterans Affairs ("Respondent"). (Dkt. No. 1.) Petitioner concurrently filed a motion to proceed *in forma pauperis* ("IFP") and a motion for court-appointed counsel. (Dkt. Nos. 2, 3.) For the reasons set forth below, the Court **DENIES** Petitioner's motion to proceed *in forma pauperis*, **DISMISSES** Petitioner's Petition for Writ of Mandamus for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and **DISMISSES AS MOOT** Petitioner's request for court-appointed counsel.

## DISCUSSION

### I. Motion for Leave to Proceed *In Forma Pauperis*

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[2] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner who is granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, __ U.S. __, 136 S. Ct. 627, 629 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed, *see* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the

---

[1] On the Civil Cover Sheet submitted with his Complaint, Petitioner indicated that the nature of his suit is a "prisoner petition." (Dkt. No. 1 at 5.) Petitioner's return address is the same as the William P. Clements Prison located in Amarillo, Texas. (Dkt. No. 1 at 7.)

[2] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. June 1, 2016). The additional $50 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 136 S. Ct. at 629.

Here, Petitioner has not provided the Court with sufficient information to determine Petitioner's financial status. Petitioner has not submitted a certified copy of his prison trust fund account statement. Accordingly, the Court **DENIES** Petitioner's request to proceed *in forma pauperis*.

## II.   *Sua Sponte* Screening

Notwithstanding Petitioner's IFP status or the payment of any filing fees, the Court must review complaints filed by all persons proceeding IFP and must *sua sponte* dismiss any complaint, or any portion of a complaint, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

However, while the court "ha[s] an obligation where the petitioner is pro se, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of claims that were not initially pled," *Ivey v. Bd. of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Petitioner seeks a writ of mandamus under 28 U.S.C. § 1361 to compel the Department of Veterans Affairs to pay him 30% of his service-connected benefits since 1981. (Dkt. No. 1 at 1–3.) Issuance of a writ of mandamus is considered an "extraordinary remedy, to be reserved for extraordinary situations." *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 289 (1988). Because the writ of mandamus is "one of the most potent weapons in the judicial arsenal," Petitioner has the burden to satisfy three conditions before a writ may be issued on his behalf: (1) Petitioner has no other adequate means to attain the desired relief; (2) Petitioner's right to issuance of the writ is clear and indisputable; and (3) the issuance of the writ is appropriate under the circumstances. *Cheney v. United States Dist. Court*, 542 U.S. 367, 380–81 (2004).

Here, Petitioner provides no factual allegations explaining why he is entitled to any form of relief, much less the issuance of a writ of mandamus. Petitioner does not address whether he has other adequate means to attain the desired relief, fails to provide

allegations plausibly showing that his right to issuance of the writ is clear and indisputable, and offers no information showing that issuance of the writ would be appropriate under the circumstances.[3]

Because Petitioner does not supply any factual allegations explaining why he is entitled to relief, his complaint fails to adequately state a claim under 28 U.S.C. § 1915(e)(2)(B). *See* FED. R. CIV. P. 8(a)(2); *Cheney*, 542 U.S. at 380-81; *Iqbal*, 556 U.S. at 678. Accordingly, the Court **DISMISSES** Petitioner's Petition for Writ of Mandamus for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

### III. Motion for Court-Appointed Counsel

Petitioner concurrently filed a motion seeking court-appointed counsel. (Dkt. No. 3.) In light of the Court's dismissal of this civil action pursuant to 28 U.S.C. §1915(e)(2)(B)(ii), the Court **DENIES AS MOOT** Petitioner's motion for court-appointed counsel.

### CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's motion to proceed *in forma pauperis*, *sua sponte* **DISMISSES** Petitioner's Petition for Writ of Mandamus for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and **DENIES AS MOOT** Petitioner's request for court-appointed counsel.

The Court **GRANTS** Petitioner **forty-five (45)** days leave from the date of this Order in which to re-open the case. To re-open the case, Petitioner shall, within forty-five days of this Order:

1. File an Amended Petition for Writ of Mandamus which cures all of the deficiencies of pleading described in this Order. If Petitioner elects to file an Amended Petition

---

[3] To the extent Petitioner wishes to appeal a Board of Veterans' Appeals decision regarding his service-connected benefits, the United States Court of Appeals for Veterans Claims has exclusive jurisdiction to review such decisions. *See* 38 U.S.C. § 7252(a).

for Writ of Mandamus, it must be complete by itself without reference to the original pleading. *See* S.D. CAL. CIV. LR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

2. Petitioner must file the appropriate filing fee in conjunction with an Amended Petition for Writ of Mandamus. If Petitioner elects to file a motion to proceed *in forma pauperis* instead of paying the filing fee, Petitioner must comply with the requirements of 28 U.S.C. § 1915(a)(2) and submit a certified copy of his trust fund account statement for the 6-month period preceding the filing of his Amended Petition for Writ of Mandamus. The Clerk of Court is directed to mail Petitioner a blank motion to proceed *in forma pauperis* form together with a copy of this Order.

3. If Petitioner fails to file an Amended Petition for Writ of Mandamus within the time provided, the Court will enter a final Order dismissing this civil action based both on Petitioner's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a Court order requiring amendment. *See Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.").

**IT IS SO ORDERED.**

Dated: April 19, 2017

Hon. Gonzalo P. Curiel
United States District Judge