UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Rwayne Johnson,<br><br>         Petitioner,<br><br>v.<br><br>Department of Veterans Affairs,<br><br>         Respondent. | Case No.: 3:17-cv-00071-GPC-KSC<br><br>**ORDER CONFIRMING DISMISSAL OF CIVIL ACTION FOR PETITIONER'S FAILURE TO (1) FILE AN AMENDED PETITION AND TO (2) PAY FILING FEE OR PROPERLY MOVE TO PROCEED IN FORMA PAUPERIS**<br><br>**[ECF No. 6.]** |

On January 12, 2017, Petitioner Rwayne Johnson ("Petitioner"), a state prisoner proceeding *pro se*,[1] initiated this action against the Department of Veterans Affairs ("Respondent"). (Dkt. No. 1.) Petitioner concurrently filed a motion to proceed *in forma pauperis* ("IFP") and a motion for court-appointed counsel. (Dkt. Nos. 2, 3.) On April 19, 2017, the Court denied Petitioner's motion to proceed *in forma pauperis* on account of Petitioner's failure to submit a certified copy of his prison trust fund account statement

---

[1] On the Civil Cover Sheet submitted with his Complaint, Petitioner indicated that the nature of his suit is a "prisoner petition." (Dkt. No. 1 at 5.) Petitioner's return address is the same as the William P. Clements Prison located in Amarillo, Texas. (Dkt. No. 1 at 7.)

or any other information about his financial status, dismissed Petitioner's Petition for Writ of Mandamus for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and denied as moot Petitioner's request for court-appointed counsel.[2] (Dkt. No. 4.) Out of an abundance of caution, the Court granted Petitioner forty-five days to re-open the case by (1) filing an Amended Petition for Writ of Mandamus which cured all of the deficiencies of pleading identified by the Court and by (2) paying the appropriate filing fee or applying to proceed *in forma pauperis* in accordance with the requirements of 28 U.S.C. § 1915(a)(2). (*Id.*) Petitioner was warned that failure to file an Amended Petition for Writ of Mandamus within the time provided would result in a final Order dismissing this civil action based both on Petitioner's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a Court order requiring amendment. (*Id.* at 6 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")).)

Petitioner subsequently filed, *nunc pro tunc* to June 8, 2017, what appears to be a motion and a proposed order dismissing the instant case for lack of jurisdiction. (Dkt. No. 6.) It is unclear what Petitioner seeks to accomplish by way of this filing. In any event, Petitioner's latest filing contains scattered, incomplete citations to inapposite case law and does not address in any fashion the concerns laid out in the Court's April 19, 2017 Order. Petitioner has failed to pay the appropriate filing fee or properly move to proceed *in forma pauperis*. Nor has Plaintiff submitted any allegations tending to show why he is entitled to any form of relief, much less the issuance of a writ of mandamus. Indeed, Plaintiff's latest filing contains no factual allegations at all and is devoid of any

---

[2] The Court also noted that to the extent Petitioner wishes to appeal a Board of Veterans' Appeals decision regarding his service-connected benefits, the United States Court of Appeals for Veterans Claims has exclusive jurisdiction to review such decisions. *See* 38 U.S.C. § 7252(a).

reference to the relief initially sought. *See* S.D. Cal. Civ. LR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

Accordingly, the Court **CONFIRMS** the dismissal of this civil action for Petitioner's failure to file an Amended Petition for Writ of Mandamus, failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and failure to pay the requisite filing fee or satisfy the requirements to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

Dated: June 12, 2017

Hon. Gonzalo P. Curiel
United States District Judge