UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Rwayne Johnson, | Case No.: 3:17-cv-00071-GPC-KSC |
|---|---|
| Petitioner, | **ORDER DENYING PETITIONER'S MOTION TO VACATE ORDER and MOTION FOR APPOINTMENT OF COUNSEL.** |
| v. | |
| Department of Veterans Affairs, | |
| Respondent. | [DKT. NO. 9] |

On January 12, 2017, Petitioner Rwayne Johnson ("Petitioner"), a state prisoner proceeding *pro se*,[1] initiated this action against the Department of Veterans Affairs ("Respondent"). (Dkt. No. 1.) Petitioner concurrently filed a motion to proceed *in forma pauperis* ("IFP") and a motion for court-appointed counsel. (Dkt. Nos. 2, 3.) On April 19, 2017, the Court denied Petitioner's motion to proceed *in forma pauperis* on account of Petitioner's failure to submit a certified copy of his prison trust fund account statement or any other information about his financial status, dismissed Petitioner's Petition for Writ of Mandamus for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii),

---

[1] On the Civil Cover Sheet submitted with his Complaint, Petitioner indicated that the nature of his suit is a "prisoner petition." (Dkt. No. 1 at 5.) Petitioner's return address is the same as the William P. Clements Prison located in Amarillo, Texas. (Dkt. No. 1 at 7.)

1

and denied as moot Petitioner's request for court-appointed counsel.[2] (Dkt. No. 4.) Out of an abundance of caution, the Court granted Petitioner forty-five days to re-open the case by (1) filing an Amended Petition for Writ of Mandamus which cured all of the deficiencies of pleading identified by the Court and by (2) paying the appropriate filing fee or applying to proceed *in forma pauperis* in accordance with the requirements of 28 U.S.C. § 1915(a)(2). (*Id.*) Petitioner was warned that failure to file an Amended Petition for Writ of Mandamus within the time provided would result in a final Order dismissing this civil action based both on Petitioner's failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and his failure to prosecute in compliance with a Court order requiring amendment. (*Id.* at 6 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into dismissal of the entire action.")).)

Petitioner subsequently filed, *nunc pro tunc* to June 8, 2017 a motion and a proposed order dismissing the instant case for lack of jurisdiction. (Dkt. No. 6.). The Court confirmed its prior dismissal for failure to file an Amended Petition for Writ of Mandamus, failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and failure to pay the requisite filing fee or satisfy the requirements to proceed *in forma pauperis*. (Dkt. No. 7).

On January 26, 2018, Petitioner filed a "Motion to Vacate Void Order and Enforcement Crime Victim Rights Act; and Mandatory Appointment of Counsel." The Court will construe this motion to be a Rule 60(b)(4) motion for relief on the basis of a void judgment due to lack of jurisdiction. (Dkt. No. 9). As with Petitioner's previous filing, it is unclear what petitioner seeks to accomplish by way of this filing, which

---

[2] The Court also noted that to the extent Petitioner wishes to appeal a Board of Veterans' Appeals decision regarding his service-connected benefits, the United States Court of Appeals for Veterans Claims has exclusive jurisdiction to review such decisions. *See* 38 U.S.C. § 7252(a).

contains scattered, incomplete citations to inapposite case law and continues to fail to address the concerns laid out in the Court's April 19, 2017 Order.

Petitioner appears to argue that the Court lacked jurisdiction to issue its previous orders. *See* (Dkt. No. 9 at 2). Petitioner fails to substantively address how the Court lacked jurisdiction. The Court observes that Petitioner requested the district court's jurisdiction when he requested a petition for writ of mandamus against the Department of Veterans Affairs. *See* (Dkt. No. 1) (citing 28 U.S.C. § 1361) ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."). Further, the Court properly dismissed Petitioners' claim for failure to state a claim for relief pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1). In addition, the Court once again **DENIES as moot** Plaintiffs' request for appointment of counsel.[3]

Accordingly, the Court will **DENY** Petitioner's Rule 60(b)(4) motion and once again **CONFIRM** the dismissal of this civil action for failure to file an Amended Petition for Writ of Mandamus, failure to state a claim for relief pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and failure to pay the requisite filing fee or satisfy the requirements to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

Dated: January 31, 2018

Hon. Gonzalo P. Curiel
United States District Judge

---

[3] Contrary to Plaintiffs' assertions, there is no "mandatory" right to counsel in a civil case. *See United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996) ("[I]t is well-established that there is generally no right to counsel in civil cases.").